UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-CV-21730-WILLIAMS/TURNOFF

TAMARA EDDIE,

    Plaintiff(s),

Vs.

FLORIDA DEPARTMENT OF CORRECTIONS,
An Agency of the State Of Florida,

    Defendant(s).

_____/

**DEFENDANTS' DISCLOSURE OF HER REBUTTAL EXPERT WITNESSES**

    Plaintiff, TAMARA EDDIE, by and through undesigned counsel, JAMES JEAN-FRANCOIS, P.A., pursuant to Fed.R.Civ.P. 26(a)(2)(D) hereby file her Disclosure of her Rebuttal Expert Witness and state accordingly as follows:

    RON McANDREW
    Prison & Jail Consultant
    20390 The Granada
    Dunnellon, FL 34432-6082
    Phone: (352)465-1786
    Other: (354)465-4556

**Subject Matter on Which the Rebuttal Expert Will Testify**

    Mr. McAndrew is a former Warden of three of Florida's major prisons and the Interim Director of the Orange County Jail in the State of Florida who now serves as an expert witness in litigation cases that relate to issues/subjects involving the following, to wit: correctional staff termination appeals; comprehensive management advice and guidance; comprehensive operational advice and guidance; prison and jail issues such as prisoner abuse and deaths;

employee abuse and injury on the job in prisons or jails; sexual harassment issues; review and consultation of prisoner abuse and deaths, etc.  Plaintiff is intending to use the Rebuttal Expert Witness's testimony to rebut any testimony expected from the Defendant's Expert Witness, Eugene Atherton.

### Summary of Facts and Opinion of the Rebuttal Expert Witness

Mr. McAndrew's testimony will be offered into evidence to contradict, impeach or defuse the impact of the evidence offered by Defendant Expert Witness, Mr. Atherton.  Mr. McAndrew will testify and render an opinion that the Plaintiff was constructively discharged from her employment as a corrections officer and that the Plaintiff did not abandon her post, which the Defendant has suggested via Mr. Atherton's preliminary statement of opinion.  Although abandonment of a post is a reasonable reason to terminate a correction officer's employment, there is no evidence that in the case of Officer Eddie (Plaintiff) abandonment was the actual cause of her termination.  Rather, her termination of employment was caused by a hostile work environment and by the Defendant's retaliation.

Respectfully submitted,

By:/s/James Jean-Francois
          **JAMES JEAN-FRANCOIS, ESQ.**
          Fla. Bar No.: 0495115
          Attorney for Plaintiff

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy hereof was electronically filed with the Office of the Clerk of this Court by CM/ECF.  I further hereby certify that a true copy hereof was delivered by US mail/email/ fax on this    7   day of April    , 2014, to the following person(s): Helen Ann Hauser, Esq.; Anna Volkova, Esq.; Eric Farmelant Esq.; Jeffrey Fink, Esq.; **Restani, Dittmar &**

**Hauser**, 201 Alhambra Circle, Ste. 1050, Coral Gables, FL 33134; Fax: (305)445-7728; e-mail:

*hhauser@rdhlegal.com; avolkova@rdhlegal.com; jfink@rdhlegal.com;*

*efarmelant@rdhlegal.com*.

**LAW OFFICES OF JAMES JEAN-FRANCOIS, P.A.**
Duty Free Americas, Suite 211-A
6100 Hollywood Boulevard
Hollywood, FL   33024
Telephone: 954-987-8832
Telecopier: 954-987-2622
email: *jamesjeanfrancoisesq@hotmail.com; jjonlaw@hotmail.com*

      *James Jean-Francois  /s/*
By:_____
      **JAMES JEAN-FRANCOIS, ESQ.**
      FBN: 0495115